# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **TAMAR DEVELL HARVEY,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:18CV00098 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **THE COMMONWEALTH OF VIRGINIA,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Respondent. | ) | |

*Tamar Devell Harvey, Pro Se Petitioner.*

The petitioner, Tamar Devell Harvey, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging that prison officials' failure to protect him from assaults by other inmates entitles him to release from incarceration. After review of the petition, I find that the petition must be summarily dismissed.

In his petition and supporting memorandum, Harvey alleges that: (1) an inmate at Augusta Correctional Center ("Augusta") assaulted him in July 2017, and a different inmate assaulted and raped him in October, 2017; (2) the Virginia Department of Corrections "has failed multiple times in their duty to keep [him] safe from serious bodily injury;" (3) "[t]he Government has the correlative duty to protect [him] against assault or injury from any quarter, while so held" in prison;

and (4) "U.S. Cont. Amend. 14 [gives him the] right to personal security against unlawful invasion." Pet. 7, 9, 11, Mem. Supp. 5-6, ECF No. 1. He also complains that prison officials have refused to pay for medical treatment "to properly repair [him] to pre-assault status." Mem. Supp. 6. As relief, Harvey asks the court "[t]o grant [him] immediate or a more speedy release from his unlawful, cruel, barbaric and inhuman confinement." Pet. 15.

Section 2254(b) prohibits a federal court from granting habeas relief to a person in custody under the judgment of a state court unless the petitioner has exhausted the remedies available in the courts of that state. *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. *Slayton v. Smith*, 404 U.S. 53, 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Harvey presents no evidence that he has raised his current claims before any Virginia court, and state court records online do not indicate that he has done so. Until he has presented his claims to the Supreme Court of Virginia, they are unexhausted for habeas purposes.

But even had Harvey exhausted his state remedies, his claims are not cognizable in a habeas corpus petition in this court.

> "It is well settled that challenges to the fact or length of confinement are properly considered in the context of habeas corpus" while challenges to the conditions of one's confinement are properly brought as civil rights actions. *See Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (holding that a challenge to the length of "actual confinement in prison" must be brought as a habeas corpus action)); *Todd v. Baskerville*, 712 F.2d 70, 72 (4th Cir. 1983). [If a] petition challenges the conditions of [the petitioner's] confinement rather than the fact or length of his confinement, it cannot proceed as a habeas corpus action.

*McCain v. Garrity*, No. 3:02CV435, 2002 WL 32362032, at *2 (E.D. Va. July 16, 2002). Accordingly, challenges to conditions of confinement are not properly brought by way of federal habeas corpus proceedings.

Harvey's claims, concerning allegedly inadequate safety measures and access to medical care as a prisoner, are not proper habeas claims. This petition does not attack the fact or length of Harvey's custody and detention, based on alleged constitutional short falls during the criminal proceedings or the calculation of his term of confinement. Rather, Harvey's claims challenge merely the conditions of his confinement. Such claims are not cognizable under § 2254.[*]

---

[*] Harvey is currently pursuing a civil action alleging that in July 2017, prison officials at Augusta failed to protect him from being assaulted by another inmate and that medical professionals have provided inadequate medical and dental care for the injuries he suffered from that assault. *Harvey v. Landauer*, No. 7:18CV00097 (W.D. Va.). Accordingly, I will not construe this § 2254 petition as a complaint under 42 U.S.C. § 1983.

A separate Final Order will be entered herewith.

DATED: April 19, 2018

/s/ James P. Jones
United States District Judge